(June 21, 1955.)

MAE GILLIGAN et al., Respondents, v. TISHMAN REALTY & CONSTRUCTION CO., INC., et al., Appellants, et al., Defendants.

COHN, J. (dissenting). The four defendants who stipulated for order absolute in the Court of Appeals severally had the right to do so. The judgment absolute rendered by the Court of Appeals (306 N. Y. 974; 307 N. Y. 698) was binding

only against these defendants who so stipulated. The denial of plaintiffs' motion in the Court of Appeals that the judgment absolute be made binding upon all other defendants sustains the contention that this is not a case of joint liability. Likewise, the judgment ultimately entered as directed by the Court of Appeals provided that with respect to the said defendants costs were apportioned, and, "with respect to all other defendants herein [other than the four who stipulated] their proportionate share of the costs in the Appellate Division and at Special Term (namely 10/14ths of the costs) shall abide the result of the final judgment in the action with respect to said defendants." Clearly, the judgment of the Court of Appeals did not undertake to determine the rights of the others not before the court and not specifically involved in the appeal. There can be no basis upon which judgment absolute is applicable to all or to any remaining defendants, some of whom were not even served with process and others who did not and could not participate in the appeal. (*Williams* v. *Western Union Tel. Co.,* 93 N. Y. 162, 193 *et seq.*)

The orders should accordingly be reversed and the motions to dismiss the supplemental complaint for legal insufficiency and under subdivision 4 of rule 107 of the Rules of Civil Practice should be granted, with costs.

Orders appealed from affirmed.

Peck, P. J., Breitel and Rabin, JJ., concur in decision; Cohn, J., dissents and votes to reverse and grant motions to dismiss supplemental complaint.

Orders affirmed, with $20 costs and disbursements to the respondents. [See *post,* p. 846.]